1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11  EDUARDO TORRES,                 ) Case No. CV 13-1798-JFW (RNB)
12              Petitioner,          )
                                     ) ORDER TO SHOW CAUSE
13       vs.                         )
14  GARY S. SANDOR, Warden,          )
15              Respondent.          )
16  _____     )

17       Since this action was filed after the President signed into law the Antiterrorism
18  and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is
19  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §
20  2244(d).  See Calderon v. United States District Court for the Central District of
21  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.
22  1099 and 118 S. Ct. 1389 (1998).[1] 28 U.S.C. § 2244(d) provides:
23       "(1)   A 1-year period of limitation shall apply to an application
24  for a writ of habeas corpus by a person in custody pursuant to the
25
26
27       [1]   Beeler was overruled on other grounds in Calderon v. United States
    District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526
28  U.S. 1060 (1999).

1

judgment of a State court.  The limitation period shall run from the latest of--

> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, it appears from the face of the Petition that petitioner failed to petition the California Supreme Court for review of the Court of Appeal decision on direct appeal.  Under the relevant California Rules of Court, his time for doing so lapsed 40 days after the April 18, 2011 filing of the Court of Appeal decision.  See Cal. R. Ct. 8.264(b)(1).  Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on May 28, 2011.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  The Court notes in this regard that petitioner did not have a constitutional right to counsel for purposes of filing a Petition for Review in the California Supreme Court or a state

2

habeas petition.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of right, and no further").  Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because petitioner does not purport to be alleging any claims based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review.  Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of each of his ineffective assistance of counsel claims as of the date his trial concluded, and certainly no later than the date on which his judgment of conviction became final.[2]  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run

---

[2]      Specifically, petitioner had to have been aware as of the date his trial concluded that his trial counsel had "made no opening statement and his closing statement [had] offered the jurors no theory with which to counter the State case"; of the manner in which his trial counsel had cross-examined the State sexual assault expert and that his trial counsel had not called an expert to rebut the State expert's testimony; of the manner in which his trial counsel had cross-examined the State DNA technician and that his trial counsel had not called an expert to rebut the DNA technician's testimony; that trial counsel failed to call any of the potential witnesses provided to him by petitioner; and that trial counsel had made no attempt to settle the case.  Whether petitioner was cognizant that these acts and omissions of his counsel gave rise to ineffective assistance of counsel claims is not the issue.  Further, it appears from the face of the Petition that petitioner's current habeas counsel began representing petitioner in March 2010 in connection with petitioner's reinstated appeal and petitioner's contemporaneously-filed habeas petition.  To the extent that any of the ineffective assistance of counsel claims alleged in the Petition is based on information contained in trial counsel's files to which petitioner was not privy as of the date his trial concluded, presumably his current habeas counsel became aware of that information prior to May 28, 2011, when the judgment of conviction became final.

3

when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was May 28, 2012.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  No basis for statutory tolling under § 2244(d)(2) appears to exist here.  The only state collateral challenges filed by petitioner subsequent to the date his judgment of conviction became final are habeas petitions that petitioner filed in turn in Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.  Petitioner would not be entitled to any statutory tolling for any of those state habeas petitions because according to the Petition, the first of them was not filed until July 16, 2012, which was more than a month and a half after petitioner's federal filing deadline already had lapsed.  See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).[3]

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases.  See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010).  However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way."  See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see

---

[3]  The Court also notes that, under Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001), petitioner is not entitled to any statutory tolling for the pendency of his prior federal habeas petition in Case No. CV 12-5375-JFW (RNB), which itself was not filed until after petitioner's federal filing deadline already had lapsed.

4

also Holland, 130 S. Ct. at 2562.  Here, petitioner has not purported to make either such showing in the Petition and it does not appear to the Court that petitioner can make either such showing.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **April 18, 2013**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED:  March 15, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE