1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11    EDUARDO TORRES,                      )    Case No. CV 13-1798-JFW (RNB)
                                          )
12                      Petitioner,        )
                                          )    ORDER TO SHOW CAUSE
13              vs.                         )
                                          )
14    GARY S. SANDOR, Warden,             )
                                          )
15                      Respondent.        )
                                          )
16    _____)

17        Since this action was filed after the President signed into law the Antiterrorism

18   and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is

19   subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §

20   2244(d). See Calderon v. United States District Court for the Central District of

21   California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.

22   1099 and 118 S. Ct. 1389 (1998).[1]  28 U.S.C. § 2244(d) provides:

23              "(1)   A 1-year period of limitation shall apply to an application

24        for a writ of habeas corpus by a person in custody pursuant to the

25

26   _____

27        [1]    Beeler was overruled on other grounds in Calderon v. United States
     District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526
28   U.S. 1060 (1999).

1

1   judgment of a State court.  The limitation period shall run from the latest

2   of--

3         (A)   the date on which the judgment became final by

4   conclusion of direct review or the expiration of the time for

5   seeking such review;

6         (B)   the date on which the impediment to filing an

7   application created by State action in violation of the Constitution

8   or laws of the United States is removed, if the applicant was

9   prevented from filing by such State action;

10         (C)   the date on which the constitutional right asserted

11   was initially recognized by the Supreme Court, if the right has

12   been newly recognized by the Supreme Court and made

13   retroactively applicable to cases on collateral review; or

14         (D)   the date on which the factual predicate of the claim

15   or claims presented could have been discovered through the

16   exercise of due diligence.”

17

18      Here, it appears from the face of the Petition that petitioner failed to petition

19 the California Supreme Court for review of the Court of Appeal decision on direct

20 appeal.  Under the relevant California Rules of Court, his time for doing so lapsed 40

21 days after the April 18, 2011 filing of the Court of Appeal decision.  See Cal. R. Ct.

22 8.264(b)(1).  Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment

23 of conviction "became final by conclusion of direct review or the expiration of the

24 time for seeking such review" on May 28, 2011.

25      From the face of the Petition, it does not appear that petitioner has any basis for

26 contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  The Court

27 notes in this regard that petitioner did not have a constitutional right to counsel for

28 purposes of filing a Petition for Review in the California Supreme Court or a state

1  habeas petition.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95

2  L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of

3  right, and no further").  Nor does it appear that petitioner has any basis for contending

4  that he is entitled to a later trigger date under § 2244(d)(1)(C) because petitioner does

5  not purport to be alleging any claims based on a federal constitutional right that was

6  initially recognized by the United States Supreme Court subsequent to the date his

7  conviction became final and that has been made retroactively applicable to cases on

8  collateral review.  Finally, it does not appear that petitioner has any basis for

9  contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it

10  appears that petitioner was aware of the **factual** predicate of each of his ineffective

11  assistance of counsel claims as of the date his trial concluded, and certainly no later

12  than the date on which his judgment of conviction became final.[2]  See Hasan v.

13  Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run

14  _____

15  [2]  Specifically, petitioner had to have been aware as of the date his trial
16  concluded that his trial counsel had "made no opening statement and his closing
   statement [had] offered the jurors no theory with which to counter the State case"; of
17  the manner in which his trial counsel had cross-examined the State sexual assault
18  expert and that his trial counsel had not called an expert to rebut the State expert's
   testimony; of the manner in which his trial counsel had cross-examined the State
19  DNA technician and that his trial counsel had not called an expert to rebut the DNA
20  technician's testimony; that trial counsel failed to call any of the potential witnesses
   provided to him by petitioner; and that trial counsel had made no attempt to settle the
21  case.  Whether petitioner was cognizant that these acts and omissions of his counsel
22  gave rise to ineffective assistance of counsel claims is not the issue.  Further, it
23  appears from the face of the Petition that petitioner's current habeas counsel began
   representing petitioner in March 2010 in connection with petitioner's reinstated
24  appeal and petitioner's contemporaneously-filed habeas petition.  To the extent that
25  any of the ineffective assistance of counsel claims alleged in the Petition is based on
26  information contained in trial counsel's files to which petitioner was not privy as of
   the date his trial concluded, presumably his current habeas counsel became aware of
27  that information prior to May 28, 2011, when the judgment of conviction became
28  final.

1  when a prisoner "knows (or through diligence could discover) the important facts, not
2  when the prisoner recognizes their legal significance").

3      Thus, unless a basis for tolling the statute existed, petitioner's last day to file
4  his federal habeas petition was May 28, 2012.  See Patterson v. Stewart, 251 F.3d
5  1243, 1246 (9th Cir. 2001).  No basis for statutory tolling under § 2244(d)(2) appears
6  to exist here.  The only state collateral challenges filed by petitioner subsequent to the
7  date his judgment of conviction became final are habeas petitions that petitioner filed
8  in turn in Los Angeles County Superior Court, the California Court of Appeal, and
9  the California Supreme Court.  Petitioner would not be entitled to any statutory
10 tolling for any of those state habeas petitions because according to the Petition, the
11 first of them was not filed until July 16, 2012, which was more than a month and a
12 half after petitioner's federal filing deadline already had lapsed.  See, e.g., Ferguson
13 v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit
14 the reinitiation of the limitations period that has ended before the state petition was
15 filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003);
16 Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d
17 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).[3]

18     The Supreme Court has held that the AEDPA's one-year limitation period also
19 is subject to equitable tolling in appropriate cases.  See Holland v. Florida, - U.S. -,
20 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010).  However, a habeas petitioner is
21 entitled to equitable tolling only if he shows (1) that he has been pursuing his rights
22 diligently; and (2) that "some extraordinary circumstance stood in his way."  See Pace
23 v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see

24 _____

25     [3]    The Court also notes that, under Duncan v. Walker, 533 U.S. 167, 181,
26 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001), petitioner is not entitled to any statutory
27 tolling for the pendency of his prior federal habeas petition in Case No. CV 12-5375-
   JFW (RNB), which itself was not filed until after petitioner's federal filing deadline
28 already had lapsed.

1 | also Holland, 130 S. Ct. at 2562.  Here, petitioner has not purported to make either

2 | such showing in the Petition and it does not appear to the Court that petitioner can

3 | make either such showing.

4 |      The Ninth Circuit has held that the district court has the authority to raise the

5 | statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the

6 | petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the

7 | Rules Governing Section 2254 Cases in the United States District Courts, so long as

8 | the court "provides the petitioner with adequate notice and an opportunity to

9 | respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,

10 | 260 F.3d 1039, 1042-43 (9th Cir. 2001).

11 |      IT THEREFORE IS ORDERED that, on or before **April 18, 2013**, petitioner

12 | show cause in writing, if any he has, why the Court should not recommend that this

13 | action be dismissed with prejudice on the ground of untimeliness.

15 | DATED:  March 15, 2013

16

17

18 | ROBERT N. BLOCK
    UNITED STATES MAGISTRATE JUDGE